**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

DIANE D.,

              Plaintiff,

      v.                                5:18-CV-1146
                                          (DJS)

ANDREW M. SAUL,[1] *Commissioner of Social Security*,

              Defendant.
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| CONBOY, McKAY, BACHMAN<br>& KENDALL, LLP<br>Attorney for Plaintiff<br>407 Sherman Street<br>Watertown, New York 13601 | PETER L. WALTON, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL<br>REGION II<br>Attorney for Defendant<br>26 Federal Plaza - Room 3904<br>New York, New York 10278 | EMILY M. FISHMAN, ESQ. |

**DANIEL J. STEWART
United States Magistrate Judge**

---

[1] Mr. Saul became Commissioner on June 17, 2019 and is substituted as the Defendant pursuant to FED. R. CIV. P. 25(d).

# MEMORANDUM-DECISION AND ORDER[2]

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled for purposes of disability insurance benefits. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 9 & 10. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion is denied. The Commissioner's decision is reversed and the matter is remanded to the Commissioner for further proceedings.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1963. Dkt. No. 6, Admin. Tr. ("Tr."), p. 233. Plaintiff reported having completed two years of college. Tr. at p. 238. She has past work experience as a medical secretary, bartender, server, fitness trainer, and sales representative. Tr. at p. 239. Plaintiff alleges disability based on TBI, dry eye, bilateral carpal tunnel syndrome, tendonitis, deafness, breast cancer, bursitis, sciatic nerve inflammation and arthritis. Tr. at p. 237. Plaintiff had previously been found disabled

---

[2] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 4 & General Order 18.

2

for a period of slightly over two years. Tr. at p. 11. Her family financial situation, however, ultimately led her to attempt to return to work. Tr. at pp. 64-65.

### B. Procedural History

Plaintiff applied for disability insurance benefits in early 2015. Tr. at pp. 11 & 180. She alleged a disability onset date of February 9, 2015. Tr. at p. 233. Plaintiff's application was initially denied on June 18, 2015, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 91-95 & 98-99. Plaintiff appeared at a hearing before ALJ Elizabeth W. Koennecke on February 8, 2017. Tr. at pp. 50-78. A supplemental hearing was then held on August 8, 2017 at which a vocational expert testified. Tr. at pp. 41-49. On September 12, 2017, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 11-23. On July 25, 2018, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-6.

### C. The ALJ's Decision

In her decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. at p. 14. Second, the ALJ found that Plaintiff had the following severe impairments: residuals of a traumatic brain injury, residuals of a double mastectomy, and mild degenerative joint disease in the right shoulder, lumbar spine, and hips. *Id.* Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed

3

impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at p. 17. Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

> lift, carry, push, and pull 20 pounds occasionally and ten pounds frequently, stand or walk for two hours in an eight-hour workday, and sitting is unlimited. She can never climb ramps, ladders, ropes, or scaffolds, and never balance. She can climb stairs. She can occasionally kneel, crouch, crawl, and stoop. She can reach occasionally in every direction.

Tr. at p. 17. Fifth, the ALJ found that Plaintiff is unable to perform any past relevant work. Tr. at p. 21. The ALJ then found that there was work existing in significant numbers in the national economy that Plaintiff could perform. Tr. at pp. 22-23. The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at p. 23.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v.*

4

*Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§

5

404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### C. The Parties' Briefings on Their Cross-Motions

In her brief, Plaintiff raises six grounds for review. First, she contends that the ALJ erred in failing to properly assess the severity of her impairments. Dkt. No. 9, Pl.'s Mem. of Law, pp. 8-11. Second, Plaintiff contends that the ALJ improperly substituted

6

her own judgment as to the medical evidence. *Id.* at pp. 11-13. Third, Plaintiff contends that the ALJ failed to properly evaluate the opinion of her treating physician. *Id.* at pp. 14-15. Fourth, Plaintiff alleges that the ALJ failed to properly assess her residual functional capacity. *Id.* at pp. 15-17. Fifth, Plaintiff contends that the ALJ failed to properly evaluate subjective complaints of pain. *Id.* at pp. 17-19. Finally, Plaintiff alleges that the ALJ erred in finding that there were significant jobs in the national economy that Plaintiff could perform. *Id.* at p. 20.

In response, Defendant contends that the ALJ properly evaluated Plaintiff's medical conditions at Step Two of the sequential analysis. Dkt. No. 10, Def.'s Mem. of Law, pp. 5-10. Defendant next asserts that the ALJ properly evaluated the opinion evidence in the record and that her RFC determination was supported by substantial evidence. *Id.* at pp. 11-20. Third, Defendant argues that the ALJ properly evaluated Plaintiff's subjective complaints of pain. *Id.* at pp. 20-23. Finally, Defendant maintains that there was no error in concluding that Plaintiff could perform jobs existing in significant numbers in the national economy. *Id.* at pp. 23-24.

### III. ANALYSIS

A review of the ALJ's decision, the record evidence, and the arguments of the parties demonstrates that the decision under review fails to adequately explain several conclusions reached by the ALJ. In reaching her determination the ALJ failed to adequately justify her conclusions and selectively relied on evidence in the record which supported her conclusion without explaining her failure to address contrary evidence.

"The ALJ must 'build an accurate and logical bridge from the evidence to [her] conclusion to enable a meaningful review.'" *Hickman ex rel. M.A.H. v. Astrue*, 728 F. Supp. 2d 168, 173 (N.D.N.Y. 2010) (quoting *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)). When taken together, it is unclear whether absent certain errors the same conclusion would have been reached and so remand is appropriate.

### A. The ALJ's Step Two Determination

At Step Two of the sequential analysis, "the ALJ must determine whether the claimant has a 'severe medically determinable physical or mental impairment.'" *Pepper v. Comm'r of Soc. Sec.*, 2015 WL 3795879, at *2 (N.D.N.Y. June 17, 2015) (quoting 20 C.F.R. § 404.1520(a)(4)(ii)). A condition will be found not severe when it does not significantly impact or limit the individual's ability to do basic work. *Id.*; *see also Royal v. Astrue*, 2012 WL 5449610, at *5 (N.D.N.Y. Oct. 2, 2012), *report and recommendation adopted*, 2012 WL 5438945 (N.D.N.Y. Nov. 7, 2012). Plaintiff alleged disability based on numerous diagnosed medical conditions. The ALJ found that several medical conditions constituted severe impairments, while others did not. Tr. at pp. 14-17. As to the latter conclusion, however, the ALJ failed to provide adequate explanation for her conclusion.

The ALJ found that Plaintiff's dry eye condition was not severe because it was "treated with artificial tear-drops without any indication that this condition affects her visual acuity." Tr. at p. 14. In support of that assertion, the ALJ cited a letter from Dr. Gerald Calabrese, Plaintiff's treating physician. *Id.* (citing Tr. at p. 352). Elsewhere in

8

the administrative record, however, Dr. Calabrese specifically noted that Plaintiff was suffering from blurred vision as a result of her dry eye. *See*, *e.g.*, Tr. at pp. 404 & 697. The ALJ cannot ignore evidence or "'cherry pick' only the evidence from medical sources that support a particular conclusion and ignore the contrary evidence." *Walsh v. Colvin*, 2014 WL 4966142, at *9 (N.D.N.Y. Sept. 30, 2014). The ALJ's single sentence finding the condition not severe does not sufficiently explain how she reconciled this differing evidence in the medical record.

The ALJ also found that Plaintiff's migraines did not reach the threshold of a severe impairment because they were "stable and controlled with medication." Tr. at p. 14. Again, however, this single sentence is not sufficient to provide a basis for meaningful review of the ALJ's decision. The mere fact that a condition is stable and managed with medication does not mean that it cannot meet the severity threshold. *Vasquez v. Comm'r of Soc. Sec.*, 2019 WL 765260, at *2 (E.D.N.Y. Feb. 21, 2019) (noting that stable, but chronic condition may be sufficient to establish severe impairment). In light of the record evidence establishing that Plaintiff could suffer from migraines as much as weekly, *see* Tr. at p. 353, the ALJ's failure to more adequately explain why they did not constitute a severe impairment was error. *Gray v. Astrue*, 2007 WL 2874049, at *5 (S.D.N.Y. Oct. 3, 2007), *report and recommendation adopted as modified*, 2009 WL 1598798 (S.D.N.Y. June 8, 2009) ("the ALJ was obligated to explain her reasoning in greater detail.").

9

Where, as here, the ALJ found other conditions to be severe, Tr. at p. 14, finding that other conditions were not severe will often be harmless error. *See*, *e.g.*, *Kami B. v. Saul*, 2020 WL 247279, at *4 (N.D.N.Y. Jan. 16, 2020) (citing cases). The Court cannot conclude that in this case these errors were harmless. Given the particular findings about what work the ALJ ultimately found Plaintiff was capable of performing, it is unclear that those tasks could have been performed without some form of limitation regarding Plaintiff's functional capacity. Specifically, each of the jobs identified by the vocational expert required either frequent or constant visual acuity. Tr. at p. 48. If, as she suggests, Plaintiff had significant impairment in her visual acuity those jobs may not have been appropriate. Absent more detailed explanation, however, the Court cannot make that conclusion on this record.

Accordingly, remand is the appropriate course so that the ALJ can reconsider these conditions and provide a detailed explanation of the impact, if any, of them on Plaintiff's ability to function in the workplace.

### B. The Treating Physician Rule

There are similar concerns about the sufficiency of the ALJ's explanation regarding her consideration of the opinion of Plaintiff's treating physician. Under the Regulations, a treating physician's opinion as to the nature and severity of a claimant's impairment is entitled to "controlling weight" when it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. § 416.927(d)(2); *see also*

*Rosa v. Callahan*, 168 F.3d 72, 78-79 (2d Cir. 1999). However, there are situations where the treating physician's opinion is not entitled to controlling weight, in which case the ALJ must "explicitly consider, *inter alia*: (1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (internal quotation marks omitted) (quoting *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013)). If an ALJ chooses not to afford controlling weight to a treating physician's opinion he must "explain the reasoning for h[is] decision not to do so with specificity." *Jarvis v. Colvin*, 2016 WL 4148352, at *8 (N.D.N.Y. Aug. 4, 2016). [3]

"If the Court finds the ALJ erred in failing to adequately explain his reasoning for not crediting the opinion of any of the treating physicians, then the case must be remanded." *Meadors v. Colvin*, 2015 WL 224759, at *7 (N.D.N.Y. Jan. 15, 2015). Here, the ALJ recognized that Dr. Calabrese was a treating source, but nonetheless afforded certain aspects of his opinion only "some weight." Tr. at pp. 18-19. While the ALJ offered specific reasons for his conclusion, those reasons, and her analysis of the opinion more generally, did not satisfy the requirements of the treating physician rule. The matter, therefore, must be remanded for further consideration.

---

[3] Plaintiff's administrative claim was filed in 2015. *See* Tr. at p. 11. As a result, new regulations regarding consideration of a treating physician's opinion do not apply in this case. *James C. v. Comm'r of Soc. Sec.*, 2020 WL 103813, at *5 n. 4 (D. Vt. Jan. 9, 2020) (noting that new rules for considering treating physician opinions became effective for claims filed after March 27, 2017).

11

First, while the record in this case made clear that Dr. Calabrese had a lengthy treatment history with Plaintiff, spanning several years, Tr. at pp. 613-694, the ALJ's decision makes no reference to this history, nor to the nature or extent of Dr. Calabrese's treatment relationship with Plaintiff. *See* Tr. at p. 19. This was error. *Andrew L. v. Berryhill*, 2019 WL 1081460, at *5 (N.D.N.Y. Mar. 7, 2019); *Robert B. v. Comm'r of Soc. Sec.*, 2018 WL 4215016, at *5 (N.D.N.Y. Sept. 5, 2018).

The ALJ's analysis of the opinion also makes limited reference to evidence supporting Dr. Calabrese's asserted limitations. *See* Tr. at p. 18. Plaintiff argues that there is significant evidence supporting that assessment. *See* Pl.'s Mem. of Law at pp. 14-15 (citing to the administrative record). The ALJ was required to consider "the amount of medical evidence supporting the opinion." *Greek v. Colvin*, 802 F.3d at 375. Here, her opinion fails to show she did so. In fact, a number of the citations to the record in the discussion of Dr. Calabrese's opinion are not to his treatment records of Plaintiff, but to other medical records. Tr. at p. 19. There is clearly evidence supportive of Plaintiff's position and, absent some discussion of that evidence in the context of evaluating Dr. Calabrese's opinion, the Court cannot find that the ALJ's decision was supported by the necessary "good reasons." *Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019) ("the ALJ must give good reasons" in explaining the weight afforded to a treating physician's opinion).

Remand, therefore, is necessary in order for the ALJ to provide a more detailed explanation of why Dr. Calabrese's opinion was not entitled to controlling weight.

### C. Plaintiff's Subjective Complaints of Pain

Plaintiff also objects that the ALJ failed to properly assess her subjective complaints of pain. *Id.* at pp. 17-19. Under SSR 16-3p, the ALJ was obligated to "carefully consider all the evidence presented by claimants regarding their symptoms, which fall into seven relevant factors including daily activities and the location, duration, frequency, and intensity of their pain or other symptoms." *Debra T. v. Comm'r of Soc. Sec.*, 2019 WL 1208788, at *9 (N.D.N.Y. Mar. 14, 2019) (quoting *Del Carmen Fernandez v. Berryhill*, 2019 WL 667743, at *9 (S.D.N.Y. Feb. 19, 2019)) (internal quotations and alterations omitted). This includes the consideration of a number of different factors in a two-step process. *See* 20 C.F.R. §§ 404.1529 & 416.929. The ALJ recognized this obligation and identified at least some of the relevant considerations. Tr. at p. 18. Her decision does not, however, establish that she considered each of the enumerated factors since each is not specifically discussed. On remand, specific consideration of these factors is warranted.

### D. Plaintiff's Remaining Contentions

Plaintiff raises three additional issues in this action. First, she contends that the ALJ improperly substituted her own medical judgment for that of the medical experts. Pl.'s Mem. of Law at pp. 11-13. The limited examples cited by Plaintiff, however, do not establish that the ALJ improperly did so.

Second, Plaintiff challenges whether the ALJ's RFC determination was supported by substantial evidence. Pl.'s Mem. of Law at pp. 15-17. Reconsideration of

13

the relevant medical conditions and opinions on remand obviously necessitates that the RFC will also need to be considered anew and so on remand the ALJ should assess Plaintiff's RFC in light of any new determinations made regarding the weight of the medical evidence in the record.

Lastly, Plaintiff alleges that the ALJ erred in concluding that 13,572 jobs constituted a sufficient number of available jobs to support a finding that Plaintiff was not disabled. Pl.'s Mem. of Law at p. 20. "[C]ourts have found that as little as 10,000 jobs can constitute a significant number for the purpose of a Step Five finding." *Waldvogel v. Comm'r of Soc. Sec.*, 2017 WL 3995590, at *13 (N.D.N.Y. Sept. 11, 2017) (citing *Hamilton v. Comm'r of Soc. Sec.*, 105 F. Supp. 3d 223, 229-31 (N.D.N.Y. 2015)). Others, in fact, have found that job numbers over 9,000 have been held to be significant. *Sanchez v. Berryhill*, 336 F. Supp. 3d 174, 177-78 (W.D.N.Y. 2018) (finding that 9,046 jobs in the national economy constituted a significant number and noting that "[c]ourts have generally held that what constitutes a 'significant' number is fairly minimal, and numbers similar to those presented here – between 9,000 and 10,000 jobs – have typically been found to be sufficiently 'significant' to meet the Commissioner's burden.") (internal quotation marks omitted) (citations omitted); *see also Hanson v. Comm'r of Soc. Sec.*, 2016 WL 3960486, at *13 (N.D.N.Y. June 29, 2016), *report and recommendation adopted sub nom. Hanson v. Colvin*, 2016 WL 3951150 (N.D.N.Y. July 20, 2016) ("Courts have held that numbers varying from 9,000 upwards constituted 'significant'"). The Court thus finds that the numbers of jobs identified may be

sufficient to satisfy the burden at Step Five, but notes that a new RFC determination may affect the jobs Plaintiff could perform.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **REVERSED** and the matter is **REMANDED** pursuant to sentence four of section 405(g) for further proceedings; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: March 4, 2020
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge